UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN TRISVAN,

                           **Plaintiff,**

  vs.                                                               1:23-CV-1123
                                                                              (MAD/DJS)
THE MILDRED ELLEY SCHOOL,

                           **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**JOHN TRISVAN**
150 State Street
Albany, New York 12207
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       On September 1, 2023, Plaintiff John Trisvan ("Plaintiff") commenced this action, *pro se*, against the Mildred Elley School (the "School"). *See* Dkt. No. 1. Plaintiff alleged that the School violated his civil rights by inducing him to apply for a loan to attend classes, but later removing him from the courses. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

       On September 29, 2023, Magistrate Judge Daniel J. Stewart issued an Order granting Plaintiff's IFP motion. *See* Dkt. No. 5. Magistrate Judge Stewart issued a separate Order and Report-Recommendation in which he reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and recommended that Plaintiff's complaint be dismissed with leave to amend. *See* Dkt. No. 6.

Plaintiff did not file any objections to the Order and Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the September 29, 2023, Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Stewart's recommendation. Magistrate Judge Stewart correctly determined that Plaintiff's complaint should be dismissed because Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state a claim for which relief could be granted. *See* Dkt. Nos. 1, 6; *see also Laspisa v. Citifinancial Does 1 to 20*, 269 F. Supp. 3d 11, 13-15 (N.D.N.Y. 2017).

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint. If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. The revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319, 2023 WL 2931863, *14 (N.D.N.Y. Apr. 13, 2023).[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Order and Report-Recommendation (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED without prejudice,** with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order of this Court; and the Court further

---

[1] The Court directs Plaintiff to the instructions outlined in Magistrate Judge Stewart's Order and Report-Recommendation. *See* Dkt. No. 6 at 6-7.

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: November 14, 2023
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge