UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN TRISVAN,

                                   Plaintiff,

                                                                                       1:23-CV-1123
      v.                                                                             (MAD/DJS)

THE MILDRED ELLEY SCHOOL,

                                   Defendant.
_____

**APPEARANCES:**

JOHN TRISVAN
Plaintiff, *Pro Se*
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

On September 29, 2023, this Court issued a Report-Recommendation that the Complaint in this matter be dismissed because Plaintiff had failed to adequately plead a claim. Dkt. No. 6. The Court further recommended that Plaintiff be granted leave to file an amended complaint. *Id.* The District Court adopted the recommendations, Dkt. No. 7, and Plaintiff subsequently filed an Amended Complaint. Dkt. No. 8, Am. Compl.[1] The Amended Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915(e).

---

[1] Plaintiff has also filed a Motion for Leave to Proceed in forma pauperis, Dkt. No. 9, but because a previous application for such relief was granted, the pending Motion is denied as moot.

- 1 -

The standard for review under that section was previously set forth in detail and will not be repeated. Dkt. No. 6 at pp. 2-4. For the reasons set forth below, the Court recommends that the Amended Complaint be dismissed.

According to the Amended Complaint, in September 2020 Plaintiff enrolled in a massage therapy program at the Mildred Elley School. Am. Compl. at p. 3. Plaintiff alleges that he incurred roughly $33,000 in student loans to enroll, but was then removed from the program just a few months later. *Id.* Similar to Plaintiff's original Complaint, however, the Amended Complaint does not identify specific legal causes of action. This is problematic, as Plaintiff was previously advised, because under Federal Rule of Civil Procedure 8, a complaint must "give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." Dkt. No. 6 at p. 4 (quoting *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998)).

Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331, Am. Compl. at p. 2, but has not alleged a cognizable federal claim. To the extent Plaintiff has identified potential claims, they are not a basis for permitting the case to proceed.

20 U.S.C. § 1097, which Plaintiff specifically identifies as one basis for his claims, Am. Compl. at p. 2, does not provide a private right of action. *Bannister v. United States Treasury Dep't*, 2021 WL 4443020, at *5 (S.D.N.Y. Sept. 28, 2021); *White v. Apollo Grp.*, 241 F. Supp. 2d 710, 713 (W.D. Tex. 2003) (citing cases). Similarly, Plaintiff's

general reliance on Title 18 of the United States Code does not provide a basis for proceeding in this matter.  While Plaintiff cites to no specific section of Title 18, generally stated the provisions in that Title do not give rise to private civil causes of action.  *See, e.g.*, *Chaffee v. Syracuse City Sch. Dist.*, 2023 WL 8526787, at *3 n.3 (N.D.N.Y. Sept. 15, 2023), *report and recommendation adopted*, 2023 WL 8622238 (N.D.N.Y. Dec. 13, 2023); *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 90 (W.D.N.Y. 2009).

Plaintiff does specifically allege a breach of contract claim.  Am. Compl. at p. 4.  But a breach of contract claim does not present a federal question.  *Miloslavsky v. Audio Eng'g Soc.*, 770 F. Supp. 224, 225 (S.D.N.Y. 1991).  While a court sitting in diversity could adjudicate such a claim, Plaintiff and Defendant are both alleged to be residents of New York and so Plaintiff has not stated a basis for diversity jurisdiction.

Plaintiff also briefly alleges that he is a "protected member suffering a disability," Am. Compl. at p. 3, but he does not identify the disability nor state any factual basis for relating the disability to the monetary dispute that appears to be the gravamen of the Amended Complaint.  The Court, therefore, does not believe that he has sufficiently alleged any type of disability claim that could proceed.

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED**; and it is

**ORDERED**, Plaintiff's Motion to proceed *in forma pauperis* (Dkt. No. 9) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 16, 2024
     Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).