UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN TRISVAN,

                                              **Plaintiff,**

   vs.                                                            1:23-CV-1123
                                                                          (MAD/DJS)

THE MILDRED ELLEY SCHOOL,

                                              **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

JOHN TRISVAN
150 State Street
Albany, New York 12207
Plaintiff, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On September 1, 2023, Plaintiff John Trisvan ("Plaintiff") commenced this action, *pro se*, against the Mildred Elley School (the "School"). *See* Dkt. No. 1. Plaintiff alleged that the School violated his civil rights by inducing him to apply for a loan to attend classes, but later removing him from the courses. *See id.* Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. On September 29, 2023, Magistrate Judge Daniel J. Stewart issued an Order granting Plaintiff's IFP motion. *See* Dkt. No. 5. Magistrate Judge Stewart issued a separate Order and Report-Recommendation in which he reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and recommended that Plaintiff's complaint be dismissed with leave to amend. *See* Dkt. No. 6. Plaintiff did not file any objections to the Order and Report-Recommendation. On November 14, 2023, the Court adopted the Order and Report-

1

Recommendation in its entirety and granted Plaintiff leave to amend his complaint. *See* Dkt. No. 7. Plaintiff subsequently filed an amended complaint and another IFP motion. *See* Dkt. Nos. 8, 9. Plaintiff again alleged that the School wrongly removed him from a program after he incurred thousands of dollars in loans. *See* Dkt. No. 8. In an Order and Report-Recommendation dated January 16, 2024, Magistrate Judge Stewart recommended dismissing Plaintiff's amended complaint and ordered that the IFP motion be denied as moot. *See* Dkt. No. 10 at 3-4.[1]

Plaintiff did not file any objections to the Order and Report-Recommendation. When a party declines to file objections to a magistrate judge's report-recommendation, the district court reviews the report-recommendation for clear error. *See Hamilton v. Colvin*, 8 F. Supp. 3d 232, 236 (N.D.N.Y. 2013). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As Plaintiff is proceeding *pro se*, the Court must review his complaint under a more lenient standard. *See Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003). The Court must "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Thus, "a document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Although the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law

---

[1] Magistrate Judge Stewart did not recommend whether the dismissal be with or without prejudice, or whether the Court should grant leave to amend.

2

before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted).

Having reviewed the January 16, 2024, Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court does not discern any clear error in Magistrate Judge Stewart's recommendation. Magistrate Judge Stewart correctly determined that Plaintiff's amended complaint should be dismissed because Plaintiff failed to set forth any cognizable federal cause of action. *See* Dkt. No. 10 at 2-3. Specifically, although Plaintiff referenced 28 U.S.C. § 1331, the federal question jurisdiction statute, he did not state a federal claim. *See* Dkt. No. 8 at 2. Magistrate Judge Stewart correctly concluded that the other statutes Plaintiff listed, 20 U.S.C. § 1097 and "Title 18," do not allow for a private right of action. Dkt. No. 10 at 2-3; *see also* Dkt. No. 8 at 2; *Rivera v. Fed. Bureau of Investigation*, No. 5:16-CV-00997, 2016 WL 6081435, *3 n.3 (N.D.N.Y. Sept. 13, 2016) ("The civil rights provisions of Title 18 of the U.S. Code (sections 241-248) do not allow private rights of action"). Further, Plaintiff's alleged breach of contract issue cannot be brought in this Court as it does not raise a federal question and he has not established diversity between himself and the School. *See Adames v. Taju*, 80 F. Supp. 3d 465, 468 (E.D.N.Y. 2015) (dismissing complaint that raised breach of contract issue because it did not establish federal jurisdiction). Finally, insofar as Plaintiff mentioned a "disability," Dkt. No. 8 at 3, Magistrate Judge Stewart correctly determined that Plaintiff did not sufficiently allege a disability or a connection between a disability and the School's conduct. *See* Dkt. No. 10 at 3. Based on the foregoing, the Court finds no clear error in the Order and Report-Recommendation.

A dismissal based on a lack of subject matter jurisdiction must be entered *without prejudice*." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017). "However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity

to amend. Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile." *Baptiste v. Doe*, No. 9:23-CV-0665, 2023 WL 4304748, *5 (N.D.N.Y. June 30, 2023). Plaintiff was already afforded one opportunity to amend his complaint and he did not provide any additional information that cured the identified deficiencies. As Plaintiff has not set forth any allegations which could establish this Court's subject matter jurisdiction, an additional opportunity to amend would be futile. *See Coleman v. brokersXpress, LLC*, 375 Fed. Appx. 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend").

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Order and Report-Recommendation (Dkt. No. 10) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 8) is **DISMISSED without prejudice, but without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order upon Plaintiff in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: February 20, 2024
      Albany, New York

Mae A. D'Agostino
U.S. District Judge